# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff - Appellee,<br><br>v.<br><br>JUSTIN SPENTZ,<br><br>　　　Defendant - Appellant. | Case No. 2:08-cr-00164-KJD-GWF<br>　　　　　　2:14-cv-1667-KJD<br><br>**ORDER** |

Presently before the Court is Defendant Justin Spentz's Motion to Vacate under 28 U.S.C. § 2255 (#333).

I.  Background

On December 16, 2009, Defendant Justin Spentz (Defendant) was convicted of: (1) conspiracy to interfere with commerce by robbery; (2) conspiracy to possess cocaine with intent to distribute; and (3) possession of a firearm in furtherance of drug trafficking and aiding and abetting. On March 24, 2010, Defendant was sentenced to 192 months' imprisonment. The Supreme Court denied Defendant's Petition for Writ of Certiorari on March 2, 2012 (#289). Defendant waited until October 10, 2014 to file the present Motion to Vacate under 28 U.S.C. § 2255 (2255), claiming ineffective assistance of counsel on the following grounds: (1) counsel failed to introduce sufficient evidence to show entrapment; and (2) counsel overlooked charging document defects which resulted

in a loss of due process. Defendant also claims <u>United States v. Cortes</u>, which was decided on October 9, 2013 and rendered sentencing entrapment a question for the jury, should apply retroactively.

II.  Analysis

    A.  Legal Standard

The Court notes that Defendant is *pro se*, meaning that his submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted). Accordingly, the Court will liberally construe Defendant's pleadings.

    B. Defendant's Motion is Untimely

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one year period of limitation for 2255 motions. <u>See</u> 28 U.S.C.S. § 2255(f). "[T]he one-year limitations period for a federal prisoner who does not file a petition or writ for certiorari begins to run when the time for filing the petition expires." <u>United States v. Garcia</u>, 210 F.3d 1058, 1061 (9th Cir. 2000).

The Supreme Court denied Defendant's Petition for Writ of Certiorari on March 2, 2012. Thus, the time to file a 2255 motion expired March 2, 2013. Defendant filed his 2255 motion on October 10, 2014, well after the one year period of limitation had expired.

Defendant also wrote a letter on August 29, 2013, six months after the period of limitation expired, requesting the Court to order his trial counsel to turn over transcripts to aid Defendant in filing a 2255 motion (#318). However, the Court is under no obligation to respond to letters, rather than motions. In fact the Court has a policy of not responding to ex parte communications. <u>See</u> Code of Conduct U.S. Judges Canon 3(A)(4) ("[A] judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."). Even if the Court had granted the

request in the letter, received almost six months after the time had expired, it would not excuse Defendant's untimely filing.[1]

### C. Defendant's Motion is Without Merit

Beyond procedural limitations, even if the Court considered the motion on the merits, Defendant's motion is factually unsupported. To show ineffective assistance of counsel, Defendant must establish that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Further, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal quotation omitted).

Defendant provides no factual basis to support his claim that counsel failed to introduce sufficient evidence, or that the results of the proceeding would have been any different had counsel addressed the alleged defects in the charging document. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). In light of such a void of evidentiary support, the highly deferential presumption of reasonableness demands that counsel's behavior be considered within the range of appropriate conduct.

### 1. New Case Law Cited Does Not Apply Retroactively

Collateral review is designed to ensure courts conduct their proceedings in a manner consistent with the law in existence at the time, "and not to provide a mechanism for the continuing

---

[1] Further, the requested transcripts were likely in the possession of Defendant's appellate counsel, not his trial counsel. It is unlikely the Court could have even granted Defendant the relief he sought.

reexamination of final judgments based upon later emerging legal doctrine." <u>Teague v. Lane</u>, 489 U.S. 288, 308 (1989). Further, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>Id</u>.

The rule announced in <u>Cortes v. United States</u> designating sentencing entrapment a question for the jury regulates "only the manner of determining the defendant's culpability," a procedural matter. <u>See</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 353 (2002). It does not "alter the range of conduct or the class of persons the law punishes," and thus does not retroactively apply. <u>Id</u>.

### 2. New Case Law Does Not Change the Outcome

<u>Cortes</u> renders sentencing entrapment a decision for the jury. However, the Court denied Cortes such an instruction because the reduction in the drug amount due to entrapment would not "affect Cortes' mandatory minimum or statutory maximum sentence." <u>Cortes</u>, 732 F.3d at 1091. Here, Defendant is also not entitled to an instruction. Defendant was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, which carries a statutory sentencing range of ten years to life. <u>See</u> 21 U.S.C. § 841(b)(1)(A). While Defendant is correct in asserting that Cortes is "relevant" to his case, he presented no evidence that he lacked the intent or capability to transport the minimum five kilograms necessary to trigger the statutory sentencing range. <u>See</u> <u>Cortes</u>, 732 F.3d at 1091.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (#333) is **DENIED**. IT IS FURTHER ORDERED that Defendant is **DENIED** a certificate of appealability.

DATED this 2nd day of July 2015.

_____
Kent J. Dawson
United States District Judge