UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent,<br><br>　v.<br><br>JUSTIN SPENTZ,<br><br>　　　　　　　　　　　Movant. | Case No. 2:08-cr-00164-KJD-GWF<br>　　　　　2:17-cv-0759-KJD<br><br>Ct. of Appeals No. 20-17318<br><br>ORDER |

　　　　Presently before the Court is the Order of the Appellate Commissioner of the Ninth Circuit Court of Appeals directing the Court to grant or deny a certificate of appealability and state the grounds for doing so. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id.

　　　　In this action, Appellant raised claims that his 924(c) conviction was invalid because the jury issued a general verdict which did not specify whether the jury found that he possessed a firearm in connection with a Hobbs Act conspiracy or a drug trafficking conspiracy. However, Appellant is unable to make a substantial showing of a denial of a constitutional right because

the record shows that this Court's assessment of the facts is clearly not debatable or wrong.

In this case, the two predicate crimes were co-extensive. See Hedgpeth v. Pulido, 555 U.S. 57, 58 (2008). It is not a case where, for example, defendant was convicted of two robberies committed at different times and places and the 924(c) count was predicated on both robberies. In that case, the jury's general verdict on the 924(c) count would not mean it necessarily found the defendant possessed the firearm during and in relation to both robberies. Because the present conspiracies were co-extensive, both limited in time, location and scope, the Court cannot conclude that the instructional error led the jury to convict based solely on the invalid predicate (conspiracy to commit Hobbs Act robbery). In fact, based on the evidence and the conviction based on the drug trafficking conspiracy, no rational fact finder could have found Defendant's conviction for the 924(c) violation was based solely on the conspiracy to commit Hobbs Act robbery. Defendant was presented with one choice: robbery and drug trafficking. Defendant had no chance to participate in one conspiracy and not the other.

Accordingly, IT IS HEREBY ORDERED that Defendant is **DENIED** a certificate of appealability as to his Motion to Vacate (#371).

Dated this 17th day of December, 2020.

_____
Kent J. Dawson
United States District Judge